UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| SEAN BURT, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BOARD OF TRUSTEES OF THE UNIVERSITY OF RHODE ISLAND; and DOES 1-10, inclusive,<br><br>Defendants. | CASE NO. _____<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

**CLASS ACTION COMPLAINT**

Plaintiff, SEAN BURT (hereafter referred to as "Plaintiff" or "BURT"), brings this action individually and on behalf of a class of all persons similarly situated (hereafter referred to as "Class") against the Board of Trustees of the University of Rhode Island (hereafter referred to as "Defendant" or "URI") for Defendant's breach of contract and unjust enrichment arising out of Defendant's changing of classes to an online format and for failure to provide access to on-campus services and facilities already paid for by Plaintiff and the Class.

Plaintiff seeks redress in the form of actual damages, attorney fees, costs, injunctive relief, declaratory relief, and such other relief at law or equity as the court may deem just and proper on his own behalf and on behalf of the Class against Defendant. Plaintiff alleges the following upon personal knowledge as to his own acts, and upon information and belief based on the investigation conducted by Plaintiff's Counsel, as to all other matters:

## INTRODUCTION

1. Plaintiff alleges that Defendant has breached its contract and been unjustly enriched from its conduct which has harmed Plaintiff and the Class by charging Plaintiff and the Class for tuition and fees for an in-person education which was not provided.

2. Plaintiff seeks refunds and disgorgement of monies already paid by Plaintiff and the Class to Defendant on a prorated basis.

## JURISDICTION

3. This Court has personal jurisdiction over Defendant because Defendant is incorporated and domiciled in Rhode Island and conducts business in Rhode Island.

4. Venue is proper because a substantial part of the vents or omissions giving rise to the claims occurred in this county, and because Defendant is headquartered within this District.

5. This Court has subject matter jurisdiction pursuant to the Class Action Fairness Act under 28 U.S.C. § 1332(d), because Defendant is a citizen of a different state than at least one class member and the total amount in controversy will exceed $5,000,000 when aggregated.

## PARTIES

6. Plaintiff, Sean Burt, is a resident of the State of Rhode Island.

7. Defendant, Board of Trustees of the University of Rhode Island is a public corporation established for the management of the University of Rhode Island, including in the capacity to sue, and the capacity to be sued by for the relief requested herein.

8. The University of Rhode Island is a public research university located in Rhode Island.

## FACTUAL ALLEGATIONS

9. Plaintiff and the Class contracted with Defendant to provide in-person classes and educational opportunities as well as for the provision of meal plans, residences, and other in-person services for the Spring 2020 Semester at the University of Rhode Island, which began on or about January 22, 2020.

10. Upon information and belief, at least some of the members of the Class are residents of a state other than Rhode Island.

11. Plaintiff and the Class paid reasonable value and materially fulfilled their obligations under the contract, wherein Defendant would provide in-person classes and access on on-campus services.

12. Plaintiff was attracted to and desires the in-person instruction initially offered by Defendant, as well as access to the physical campus and related service offerings.

13. Defendant touts that "the core of [its] main campus in Kingtson is on the National Registrar of Historic Places.[1]

14. In terms of campus life, Defendant advertises recreation such as URI Athletics, Club Sports, Intramural Sports, Theatre, Galleries and Music.[2]

15. Defendant advertises that it has 320 buildings on 4 campuses, 25 resident halls and apartments, and that 54% of students are residents of Rhode Island.[3]

16. Defendant states online that it has over 2,000 graduate students and over 14,000

---

[1] https://www.uri.edu/about/facts/
[2] https://www.uri.edu/campus-life/; see also, https://www.uri.edu/campus-life/recreation/
[3] https://www.uri.edu/about/; see also, https://www.uri.edu/about/facts/

undergraduate students representing 48 states.[4]

17. While Defendant offers both in-person and online learning options, Defendant has marketed and charges separate amounts for these two distinct formats of instruction.[5]

18. On March 11, 2020, in light of the ongoing COVID19 pandemic, Defendant announced that it was suspending in-person classes and that it would be changing the format of classes to online only beginning March 23, 2020.

19. Defendant closed the on-campus dormitories and required all students to immediately vacate those dormitories absent exceptional circumstances.

20. Defendant closed the on-campus dormitories and required all students to immediately vacate those dormitories absent exceptional circumstances.

21. Defendant canceled all on campus services and activities, including but not limited to student clubs and the fitness center.

22. On or about March 19, 2020, Defendant informed students that the change to online-only instruction would continue through the end of the semester.

23. The Spring 2020 semester began in January of 2020, and was expected to conclude in or around May of 2020.

24. On Defendant's website on October 27, 2020, it indicates that for the Academic Year 2019-2020, tuition and fees are as follows[6]:

---

[4] https://www.uri.edu/about/facts/
[5] See generally, https://www.uri.edu/academics/; see also, https://web.uri.edu/enrollment/online-programs/
[6] https://www.uri.edu/about/facts/

|  | **Undergraduate** | **Graduate** |
|---|---|---|
| **In-State** | $14,566 | $15,514 |
| **Out-of-State** | $31,686 | $28,292 |
| **Regional** | $24,008 | $22,382 |

25.     Defendant charges on-campus students a fee of between $450 and $1,050 for its on-campus services whereas its online students are only charged a $70 fee.  Thus, Defendant charges between $380 and $980 for the provision of on-campus services and activities which were no longer provided following Defendant's closure of on-campus activities as of March 23, 2020.[7]

26.     In-person classes provide greater educational value and are thus justified by the payment of a higher price as compared to online only classes.

27.     By contract, Defendant agreed to provide Plaintiff and the Class with on-campus services and activities and received payment from Plaintiff and the Class for such services and activities.

28.     Defendant has failed to provide such on-campus services and activities following March 23, 2020 and failed to refund Plaintiff and the Class for its breach of the contract.[8]

29.     Indeed, according to the COVID-19 Student FAQs webpage for Defendant,

---

[7] See https://web.uri.edu/enrollment/costs/

[8] While Defendant offered a 25% refund towards housing and meal plan, such offered refund was arbitrary and inadequate.  For the avoidance of doubt, at this time, this action does not seek a refund for housing or meal plans for the Spring 2020 semester.

Defendant has refused to provide any refund for tuition and fees for the Spring 2020 semester, stating in part, "we are not offering any reduction in tuition and fees for the Spring 2020 term."[9]

30. Defendant failed to provide such in-person classes following March 23, 2020 and failed to refund Plaintiff and the Class for breach of the contract.

31. Defendant has been unjustly enriched by the payment of Plaintiff and the Class for classes and services they have not received.

32. It is substantially less expensive for Defendant to provide online instruction as opposed to in-person classes in an open campus.

33. The University's budget is $812.2 million.[10]

34. Upon information and belief, Defendant received over $11 million in federal stimulus as part of allocations under Section 18004(a)(1) of the CARES Act (OPEID 00341400).

35. Upon information and belief, Defendant has not used at least half of the CARES Act funds received to provide emergency funding to its students in connection with expenses the students incurred from changes or disruptions in university operations caused by the COVID19 pandemic.

36. In or around May of 2020, Defendant publicly stated that it has more than 4,000 students and claimed to have "remained student focused" during the COVID-19 pandemic.

## CLASS ACTION ALLEGATIONS

37. Plaintiff brings the action on behalf of himself and a Class and of all persons similarly situated pursuant to Fed. R. Civ. P. 23(b)(2) and/or (b)(3) as defined as follows:

---

[9] https://web.uri.edu/enrollment/covid19studentfaqs/
[10] https://www.uri.edu/about/facts/, accessed on October 27, 2020

>All individuals who paid tuition and/or fees for on-campus instruction at the University of Rhode Island for the Spring 2020 Semester at the University of Rhode Island.

38. Excluded from the Class is Defendant; any parent, subsidiary, or affiliate of Defendant or any employees, officers, or directors of Defendant; legal representatives, successors, or assigns of Defendant; and any justice, judge or magistrate judge of the United States who may hear the case, and all persons related to any such judicial officer, as defined in 28 U.S.C. § 455(b).

39. **Numerosity.** Upon information and belief, the Class is numerous and dispersed such that joinder of all members is impracticable. The exact number of Class members is unknown, but can be determined from, including but not limited to, Defendant's records, but as a general note Defendant has approximately 17,974 students in 2020.

40. **Commonality.** There are questions of law and fact that are common to all members of the Class which questions predominate over any question affecting only an individual Class member. The members of the Class were and continue to be subjected to the same practices of the Defendants. The common questions and principal common issues raised by Plaintiff's claims include:

    a. whether Defendant breached its agreement with Plaintiff and the Class by failing to provide in-person education or in-person services or activities;

    b. the amount Plaintiff and the Class may recover for Defendant's breach of contract;

   c. whether Defendant was unjustly enriched by its failure to refund Plaintiff and the Class a portion of their tuition and fees which were unearned by Defendant;

   d. what is the appropriate damage relief for Defendants' violations;

   e. the nature and extent of any other remedies and injunctive relief, to which Plaintiff and the Class members are entitled.

 41. **<u>Typicality.</u>**  Plaintiff's claims are typical of the claims of all of the other Class members, because his claims are based on the same legal and remedial theories as the claims of the Class and arise from the same course of conduct by Defendant.

 42. **<u>Adequacy.</u>**  Plaintiff will fairly and adequately protect the interest of all Class members in the prosecution of the action and in the administration of all matters relating to the claim stated herein.  Plaintiff is similarly situated with, and has suffered similar injuries as, the members of the Class he seeks to represent.  Plaintiff has retained counsel experienced in handling class action lawsuits.  Neither Plaintiff nor his counsel has any interest which might cause them not to vigorously pursue the action.

 43. **<u>Superiority.</u>**  A class action is superior to other available methods for the fair and efficient adjudication of the controversy, since individual joinder of the Class is impracticable. Even if individual Class members were able to afford individual litigation, it would be unduly burdensome to the Courts in which the individual litigation would proceed.  Defendant has subjected the entire Class to the same conduct and policies in breach of its contracts. Accordingly, class certification is appropriate under Rule 23 because common issues of law and fact regarding Defendant's uniform violations over individual issues, and class certification is a superior method of resolving these claims.  No unusual difficulties are likely to be encountered

in the management of the action as a class action.  Defendant has acted and continue to act in a manner that is generally applicable to all members of the Class making final injunctive relief appropriate.

## CAUSES OF ACTION

### COUNT I
### BREACH OF CONTRACT

44. Plaintiff, on behalf of himself and the Class, hereby incorporates by reference the allegations contained in all of the preceding paragraphs of the complaint as though fully stated herein.

45. Plaintiff and the Class entered into contracts with Defendant whereby Defendant would provide in-person instruction and on-campus services and activities, including housing, in exchange for the payment of tuition and fees by Plaintiff and the Class.

46. Plaintiff and the Class performed all, or substantially all of the significant things, that the contract required them to do.

47. Defendant failed to perform its obligations under the contract when it ceased offering in-person classes or on-campus services, activities, or housing beginning March 23, 2020.

48. Plaintiff and the Class were harmed by Defendant's breach because they were denied the full benefit of the bargain for which they paid tuition and fees for.

49. Defendant's breach of contract was not just a substantial cause of Plaintiff and the Class's harm, it was the only cause of the harm.

50. Plaintiff and the Class are entitled to the difference in value or loss of value

between in-person and online classes and the loss of on-campus activities, services, and housing that was paid for.

## COUNT II

## UNJUST ENRICHMENT

51. Plaintiff, on behalf of himself and the Class, hereby incorporates by reference all the allegations contained in all of the preceding paragraphs of this complaint as though fully stated herein.

52. Plaintiff brings this common count in the alternative to his claim for breach of contract.

53. Defendant has received a benefit from Plaintiff and the Class in the form of tuition and fees paid to Defendant for the Spring 2020 Semester.

54. Plaintiff and the Class paid this benefit, accepted by Defendant, in the expectation of receiving in-person classes and on-campus services, activities, and housing.

55. Defendant has failed to provide the in-person class and on-campus services, activities, and housing for which Plaintiff and the Class paid money, and has retained more than the fair market value for the services provided.

56. By closing the campus and changing the format of instruction to online only, Defendant has saved a significant amount of money that would have been paid towards utility costs, building maintenance, staffing, security, and on-campus activities.

57. Defendant has failed to restitute Plaintiff and the Class for this benefit it has failed to provide.

58. Accordingly, Plaintiff and the Class seek Defendant equitably restitute moneys equal to the benefit not realized as a result of its actions for which Plaintiff and the Class paid.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff on behalf of himself and the Class request the following relief:

1. An order certifying that the action is properly brought and may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure, that Plaintiff be appointed as Class Representative of the Class, and that Plaintiff's counsel be appointed Class Counsel;

2. Order declaring that Defendant retains money for tuition and fees of Plaintiff and the Class to which it is not entitled;

3. An injunction preventing Defendant from continuing the unlawful conduct alleged herein, including enjoining Defendant from retaining money for tuition and fees of Plaintiff and the Class to which it is not entitled;

4. Requiring that Defendant restitute or disgorge unearned moneys to Plaintiff and the Class;

5. Actual damages;

6. Awarding pre and post-judgment interest as permitted by law;

7. An award of reasonable attorneys' fees and costs as permitted by law; and

8. Such other relief at law or equity as the court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, on behalf of himself and the Class, demands a jury trial on all issues so triable,

pursuant to Fed. R. Civ. P. 38 and the seventh amendment to the Constitution of the United States of America.

DATED: October 29, 2020

**LAW OFFICES OF PETER N. WASYLYK**
Peter N. Wasylyk (RI Bar # 3351)
1307 Chalkstone Avenue
Providence, RI 02908
Tel: 401-831-7730
Fax: 401-861-6064
Email: pnwlaw@aol.com

**KAEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (*pro hac vice forthcoming*)
ak@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**KAZEROUNI LAW GROUP, APC**
Jason A. Ibey, Esq. (*pro hac vice forthcoming*)
jason@kazlg.com
321 N Mall Drive, Suite R108
St. George, Utah 84790
Telephone: (800) 400-6806
Facsimile: (800) 520-5523

**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
Todd M. Friedman (*pro hac vice forthcoming*)
tfriedman@ toddflaw.com
21550 Oxnard St., Suite 780
Woodland Hills, CA 91367
Telephone: (877) 206-4741
Facsimile: (866) 633-0228