UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| SEAN BURT, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>        v.<br><br>BOARD OF TRUSTEES OF THE UNIVERSITY OF RHODE ISLAND; and DOES 1-10, inclusive,<br><br>        Defendant. | Case No. 1:20-cv-00465-JJM-LDA |

**DEFENDANT BOARD OF TRUSTEES OF THE UNIVERSITY OF RHODE ISLAND'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S CLASS ACTION COMPLAINT AND JURY DEMAND**

The Board of Trustees of the University of Rhode Island ("defendant" or the "University") submits this Answer and Affirmative Defenses to plaintiff Sean Burt's Class Action Complaint (Dkt. 1). Except as specifically admitted below, defendant denies plaintiff's allegations. To the extent the opening paragraph or any of the headings or footnotes of the Class Action Complaint require a response, defendant denies such allegations.

**INTRODUCTION**

**1.** Denied. The allegations in paragraph 1 state a number of legal conclusions to which no response is required. Further, to the extent that the claims premised on the allegations in paragraph 1 have been dismissed by the Court's March 4, 2021 Memorandum and Order granting in part and denying in part the Motion to Dismiss ("Court's Order"), Dkt. 23, no response is required. To the extent a response is required, denied.

**2.** Denied. The allegations in paragraph 2 state a number of legal conclusions to which no response is required. To the extent that a response is required to such allegations, denied.

1

## JURISDICTION

**3.** Denied. The allegations in paragraph 3 state a number of legal conclusions to which no response is required. To the extent that a response is required to such allegations, denied.

**4.** Denied. The allegations in paragraph 4 state a number of legal conclusions to which no response is required. To the extent that a response is required to such allegations, denied.

**5.** Denied. The allegations in paragraph 5 state a number of legal conclusions to which no response is required. To the extent that a response is required to such allegations, denied.

## PARTIES

**6.** Denied. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 and therefore denies them.

**7.** Admitted in part, denied in part. Defendant admits that the Board of Trustees is a public corporation with authority specified by statute related to the University. Otherwise, denied.

**8.** Admitted.

## FACTUAL ALLEGATIONS

**9.** Denied. The allegations in paragraph 9 state a number of legal conclusions to which no response is required. Further, to the extent that the claims premised on the allegations in paragraph 9 have been dismissed by the Court's Order, no response is required. To the extent a response is required, denied.

**10.** Admitted in part, denied in part. Admitted that at least some of the members of the purported Class are residents of a state other than Rhode Island. Defendant denies that the Class Action Complaint may be maintained as a class action.

**11.** Denied. The allegations in paragraph 11 state a number of legal conclusions to which no response is required. Further, to the extent that the claims premised on the allegations in paragraph 11 have been dismissed by the Court's Order, no response is required. To the extent a response is required, denied.

**12.** Denied. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 and therefore denies them. To the extent that the claims premised on the allegations in paragraph 12 have been dismissed by the Court's Order, no response is required. To the extent that a response is required to such allegations, denied.

**13.** Denied, except to the extent that the allegations in paragraph 13 quote from language in the University of Rhode Island website. To the extent that the allegations in paragraph 13 quote from language on the University of Rhode Island website, the website speaks for itself and is the best evidence of the language contained therein. To the extent that the allegations in paragraph 13 characterize the language and/or contents of the website or otherwise require a response, denied.

**14.** Denied, except to the extent that the allegations in paragraph 14 quote from language in the University of Rhode Island website. To the extent that the allegations in paragraph 14 quote from language on the University of Rhode Island website, the website speaks for itself and is the best evidence of the language contained therein. To the extent that the allegations in paragraph 14 characterize the language and/or contents of the website, denied.

**15.** Denied, except to the extent that the allegations in paragraph 15 quote from language in the University of Rhode Island website. To the extent that the allegations in paragraph 15 quote from language on the University of Rhode Island website, the website speaks for itself and

is the best evidence of the language contained therein.  To the extent that the allegations in paragraph 15 characterize the language and/or contents of the website, denied.

**16.** Admitted.

**17.** Admitted in part, denied in part.  Defendant admits that it offers both in-person and online learning options.  Otherwise, the allegations in paragraph 17 are denied, except to the extent that they quote from language in the University of Rhode Island website.  To the extent that the allegations in paragraph 17 quote from language on the University of Rhode Island website, the website speaks for itself and is the best evidence of the language contained therein.  To the extent that the allegations in paragraph 17 characterize the language and/or contents of the website, denied.  Further, to the extent that the claims premised on the allegations in paragraph 17 have been dismissed by the Court's Order, no response is required.  To the extent a response is required, denied.

**18.** Admitted.  To the extent that the claims premised on the allegations in paragraph 18 have been dismissed by the Court's Order, no response is required.  To the extent a response is required, admitted.

**19.** Admitted in part, denied in part.  Defendant admits that plaintiff was instructed to stay off campus for the latter portion of the Spring 2020 semester but otherwise denies the allegations in paragraph 19.

**20.** Admitted in part, denied in part.  Defendant admits that plaintiff was instructed to stay off campus for the latter portion of the Spring 2020 semester but otherwise denies the allegations in paragraph 20.

**21.** Admitted in part, denied in part. Defendant admits that it closed its campus but otherwise denies the allegations in paragraph 21, including plaintiff's characterization that it "canceled" any "services" or "activities."

**22.** Defendant admits that, on or about March 19, 2020, students were informed that all in-person classes at University campuses would be delivered remotely for the remainder of the Spring 2020 semester.

**23.** Admitted.

**24.** Admitted in part, denied in part. To the extent that the claims premised on the allegations in paragraph 24 have been dismissed by the Court's Order, no response is required. To the extent that the allegations in paragraph 24 quote from language on the University of Rhode Island website, the website speaks for itself and is the best evidence of the language contained therein. To the extent that the allegations in paragraph 24 characterize the language and/or contents of the website, denied. Defendant further admits that it charges some students certain fees that may vary by student.

**25.** Admitted in part, denied in part. To the extent that the allegations in paragraph 25 quote from language on the University of Rhode Island website, the website speaks for itself and is the best evidence of the language contained therein. To the extent that the allegations in paragraph 25 characterize the language and/or contents of the website, denied. Defendant further states that it charges some students certain fees, in addition to tuition, that may vary by student.

**26.** Denied. The allegations in paragraph 26 state a number of legal conclusions to which no response is required. Further, to the extent that the claims premised on the allegations in paragraph 26 have been dismissed by the Court's Order, no response is required. To the extent a response is required, denied.

**27.** Denied. The allegations in paragraph 27 state a number of legal conclusions to which no response is required. Further, to the extent that the claims premised on the allegations in paragraph 27 have been dismissed by the Court's Order, no response is required. To the extent a response is required, denied.

**28.** Denied. The allegations in paragraph 28 state a number of legal conclusions to which no response is required. To the extent that a response is required to such allegations, denied.

**29.** Denied, except to the extent that the allegations in paragraph 29 quote from language in the University of Rhode Island website. To the extent that the allegations in paragraph 29 quote from language on the University of Rhode Island website, the website speaks for itself and is the best evidence of the language contained therein. To the extent that the allegations in paragraph 29 characterize the language and/or contents of the website, denied. To the extent that the claims premised on the allegations in paragraph 29 have been dismissed by the Court's Order, no response is required. To the extent a response is required, denied.

**30.** Denied. The allegations in paragraph 30 state a number of legal conclusions to which no response is required. Further, to the extent that the claims premised on the allegations in paragraph 30 have been dismissed by the Court's Order, no response is required. To the extent a response is required, denied.

**31.** Denied. The allegations in paragraph 31 state a number of legal conclusions to which no response is required. Further, to the extent that the claims premised on the allegations in paragraph 31 have been dismissed by the Court's Order, no response is required. To the extent a response is required, denied.

**32.** Denied.

**33.** Admitted.

**34.** Defendant admits that the University was allocated $11,238,683 under the CARES Act. To the extent there are any additional allegations in Paragraph 34, such allegations are denied.

**35.** Denied. Defendant separately asserts that its website currently reports that it has distributed $5,619,342 to 7,199 students as of March 31, 2021.

**36.** Admitted in part, denied in part. To the extent defendant made any public statements in May 2020, such statements speak for themselves. Any characterizations thereof are denied. Defendant admits that it had more than 4,000 students enrolled in the Spring 2020 semester and that it remained student-focused during the COVID-19 pandemic. Any remaining allegations are denied.

## CLASS ACTION ALLEGATIONS

**37.** Denied. Defendant further states that paragraph 37 sets forth plaintiff's characterization of the Class Action Complaint and proposed class and thus does not require a response. The allegations in paragraph 37 also state a number of legal conclusions to which no response is required; to the extent that a response is required to such allegations, denied. Defendant denies that the Class Action Complaint may be maintained as a class action. To the extent that the claims premised on the allegations in paragraph 37 have been dismissed by the Court's Order, no response is required. To the extent a response is required, denied.

**38.** Denied. Defendant further states that paragraph 38 sets forth plaintiff's characterization of the Class Action Complaint and proposed class and thus does not require a response. The allegations in paragraph 38 also state a number of legal conclusions to which no response is required. To the extent that a response is required to such allegations, denied. Defendant denies that the Class Action Complaint may be maintained as a class action.

**Numerosity: Fed. R. Civ. P. 23(a)(1)**

**39.** Denied. Defendant further states that paragraph 39 sets forth plaintiff's characterization of the Class Action Complaint and proposed class and thus does not require a response. The allegations in paragraph 39 also state a number of legal conclusions to which no response is required. To the extent that a response is required to such allegations, denied. Defendant denies that the Class Action Complaint may be maintained as a class action.

**Commonality and Predominance: Fed. R. Civ. P. 23(a)(2)**

**40.** Denied. Defendant further states that paragraph 40 sets forth plaintiff's characterization of the Class Action Complaint and proposed class and thus does not require a response. The allegations in paragraph 40 also state a number of legal conclusions to which no response is required. To the extent that a response is required to such allegations, denied. To the extent that the claims premised on the allegations in paragraph 40 have been dismissed by the Court's Order, no response is required. To the extent a response is required, denied.

**Typicality: Fed. R. Civ. P. 23(a)(3)**

**41.** Denied. Defendant further states that paragraph 41 sets forth plaintiff's characterization of the Class Action Complaint and proposed class and thus does not require a response. The allegations in paragraph 41 also state a number of legal conclusions to which no response is required. To the extent that a response is required to such allegations, denied. Defendant denies that the Class Action Complaint may be maintained as a class action.

**Adequacy: Fed. R. Civ. P. 23(a)(4)**

**42.** Denied. Defendant further states that paragraph 42 sets forth plaintiff's characterization of the Class Action Complaint and proposed class and thus does not require a response. The allegations in paragraph 42 also state a number of legal conclusions to which no

response is required.  To the extent that a response is required to such allegations, denied.  Defendant denies that the Class Action Complaint may be maintained as a class action.

**Superiority: Fed. R. Civ. P. 23(b)(3)**

43. Denied.  Defendant further states that paragraph 43 sets forth plaintiff's characterization of the Class Action Complaint and proposed class and thus does not require a response.  The allegations in paragraph 43 also state a number of legal conclusions to which no response is required.  To the extent that a response is required to such allegations, denied.  Defendant denies that the Class Action Complaint may be maintained as a class action.

**CAUSES OF ACTION**

**COUNT I**
**BREACH OF CONTRACT**

44. Denied.  To the extent that the claims premised on the allegations in paragraph 44 have been dismissed by the Court's Order, no response is required.  To the extent a response is required, defendant re-alleges and incorporates the responses set forth in the preceding paragraphs as if set forth fully herein.

45. Denied.  The allegations in paragraph 45 state a number of legal conclusions to which no response is required.  Further, to the extent that the claims premised on the allegations in paragraph 45 have been dismissed by the Court's Order, no response is required.  To the extent a response is required, denied.

46. Denied.  The allegations in paragraph 46 state a number of legal conclusions to which no response is required.  To the extent a response is required, denied.  Further, to the extent that the claims premised on the allegations in paragraph 46 have been dismissed by the Court's Order, no response is required.

**47.** Denied.  The allegations in paragraph 47 state a number of legal conclusions to which no response is required.  To the extent that a response is required to such allegations, denied.  Further, to the extent that the claims premised on the allegations in paragraph 47 have been dismissed by the Court's Order, no response is required.

**48.** Denied.  The allegations in paragraph 48 state a number of legal conclusions to which no response is required. Further, to the extent that the claims premised on the allegations in paragraph 48 have been dismissed by the Court's Order, no response is required.  To the extent a response is required, denied.

**49.** Denied.  The allegations in paragraph 49 state a number of legal conclusions to which no response is required.  To the extent that a response is required to such allegations, denied.  Further, to the extent that the claims premised on the allegations in paragraph 49 have been dismissed by the Court's Order, no response is required.

**50.** Denied.  The allegations in paragraph 50 state a number of legal conclusions to which no response is required.  Further, to the extent that the claims premised on the allegations in paragraph 50 have been dismissed by the Court's Order, no response is required.  To the extent a response is required, denied.

**COUNT II**

**UNJUST ENRICHMENT**[1]

**51.** Denied.  Defendant restates its responses to paragraphs 1-50 above as fully set forth herein.

**52.** Denied.  The allegations in paragraph 52 state a number of legal conclusions to which no response is required.  Further, to the extent that the claims premised on the allegations in

paragraph 52 have been dismissed by the Court's Order, no response is required. To the extent a response is required, denied.

**53.** Denied. The allegations in paragraph 53 state a number of legal conclusions to which no response is required. Further, to the extent that the claims premised on the allegations in paragraph 53 have been dismissed by the Court's Order, no response is required. To the extent a response is required, denied.

**54.** Denied. The allegations in paragraph 54 state a number of legal conclusions to which no response is required. Further, to the extent that the claims premised on the allegations in paragraph 54 have been dismissed by the Court's Order, no response is required. To the extent a response is required, denied.

**55.** Denied. The allegations in paragraph 55 state a number of legal conclusions to which no response is required. Further, to the extent that the claims premised on the allegations in paragraph 55 have been dismissed by the Court's Order, no response is required. To the extent a response is required, denied.

**56.** Denied. The allegations in paragraph 56 state a number of legal conclusions to which no response is required. Further, to the extent that the claims premised on the allegations in paragraph 56 have been dismissed by the Court's Order, no response is required. To the extent a response is required, denied.

**57.** Denied. The allegations in paragraph 57 state a number of legal conclusions to which no response is required. Further, to the extent that the claims premised on the allegations in paragraph 57 have been dismissed by the Court's Order, no response is required. To the extent a response is required, denied.

---

[1] The Unjust Enrichment claim was dismissed per the Court's Order, at 16-18.

58. Denied. The allegations in paragraph 58 state a number of legal conclusions to which no response is required. Further, to the extent that the claims premised on the allegations in paragraph 58 have been dismissed by the Court's Order, no response is required. To the extent a response is required, denied.

## ANSWER TO REQUEST FOR RELIEF

Defendant denies that plaintiff or any members of the purported class are entitled to a judgment and/or any relief requested in the Prayer for Relief set forth in the Class Action Complaint. Defendant further denies that the Class Action Complaint may be maintained as a class action. Defendant further denies that plaintiff and/or any members of the purported class on whose behalf the Class Action Complaint is said to be brought are entitled to any award of damages, any costs or expenses of this litigation, any attorney's fees, any pre- or post-judgment interest, or any other relief of any kind.

## ANSWER TO DEMAND FOR JURY TRIAL

Plaintiff's request for a trial by jury does not require a response from defendant.

## AFFIRMATIVE DEFENSES

Defendant raises the following defenses and affirmative defenses without waiver of any others that may be available to it. Defendant specifically reserves the right to raise any additional defenses and affirmative defenses at any time during the pendency of these proceedings, including any and all which may come to light through discovery or otherwise. In alleging these defenses and affirmative defenses, defendant does not assume any burden of proof, persuasion, or production not otherwise legally assigned it.

## FIRST DEFENSE

Plaintiff's Class Action Complaint fails to state a claim for which relief can be granted.

**SECOND DEFENSE**

Plaintiff's Class Action Complaint is barred by the University of Rhode Island's Refund Policy.

**THIRD DEFENSE**

Plaintiff's Class Action Complaint is barred by the University of Rhode Island's Reservation-of-Rights.

**FOURTH DEFENSE**

Plaintiff's Class Action Complaint is precluded by the Educational Malpractice bar.

**FIFTH DEFENSE**

Plaintiff's Class Action Complaint is precluded by the Academic Freedom bar.

**SIXTH DEFENSE**

Plaintiff's Class Action Complaint is barred by estoppel and assumption of risk.

**SEVENTH DEFENSE**

Plaintiff's Class Action Complaint fails to allege consideration.

**EIGHTH DEFENSE**

Plaintiff's Class Action Complaint is barred by *force majeure*, excused performance, frustration of purpose, impracticability, and/or impossibility.

**NINTH DEFENSE**

Plaintiff's claims are barred in whole or in part by the doctrines of novation, consent, acquiescence, ratification, and/or waiver.

**TENTH DEFENSE**

Defendant substantially performed any and all contracts, implied or express, with plaintiff.

## ELEVENTH DEFENSE

Defendant did not contract with plaintiff to provide fee refunds in the event of a pandemic.

## TWELFTH DEFENSE

Plaintiff agreed, by words or conduct, to modify the terms of any contract, express or implied, with defendant by reason of the COVID-19 global pandemic.

## THIRTEENTH DEFENSE

Defendant did not breach the terms of any contract, express or implied.

## FOURTEENTH DEFENSE

Plaintiff did not suffer any damages.

## FIFTEENTH DEFENSE

Plaintiff did not suffer any damages proximately caused by defendant's breach of any contract; any damages suffered by plaintiff resulted from an intervening or superseding cause.

## SIXTEENTH DEFENSE

Plaintiff is not entitled to recovery of attorneys' fees or other fees, costs, or expenses of this litigation.

## SEVENTEENTH DEFENSE

Plaintiff has an adequate remedy at law and are not entitled to equitable relief.

## EIGHTEENTH DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrines of unclean hands and/or equitable estoppel.

### NINETEENTH DEFENSE

Plaintiff's claims are barred in whole or in part to the extent plaintiff received financial aid and/or scholarships and did not pay all fees, in full or part.

### TWENTIETH DEFENSE

Plaintiff would be unjustly enriched if awarded any damages.

### TWENTY-FIRST DEFENSE

Plaintiff has waived their claims.

### ADDITIONAL DEFENSES

Defendant has not knowingly or intentionally waived any applicable affirmative or other defense and reserves the right to rely upon such defenses as may become available or apparent. Defendant further reserves the right to amend this Answer and/or its affirmative defenses accordingly, and/or to withdraw affirmative defenses that defendant determines are not applicable.

### JURY DEMAND

Defendant demands a trial by jury on all issues of fact and damages stated herein except where those claims have been dismissed.

### PRAYER FOR RELIEF

The Board of Trustees of the University of Rhode Island respectfully requests that the Court enter judgment in its favor and against plaintiff, that plaintiff take nothing against the University by their suit, and that the Court grant the University such other and further relief as the Court deems just and proper.

DATED:  April 1, 2021				Respectfully submitted,


						By */s/ C. Russell Bengtson*
						C. Russell Bengtson (#1233)
						Todd J. Romano (#6859)
						Bengtson & Jestings, LLP
						40 Westminster Street, Suite 300
						Providence, RI 02903
						Tel. (401) 331-7272
						Fax (401) 331-4404
						rbengtson@benjestlaw.com
						tromano@benjestlaw.com

						-and-

						*/s/ Kathleen M. Sullivan*
						Kathleen M. Sullivan (*pro hac vice*)
						Shon Morgan (*pro hac vice*)
						Crystal Nix-Hines (*pro hac vice*)
						Marina Lev (*pro hac vice*)
						T. Scott Mills (*pro hac vice*)
						QUINN EMANUEL URQUHART &
						SULLIVAN LLP
						865 South Figueroa Street, 10th Floor
						Los Angeles, California 90017-2543
						Telephone:	(213) 443-3000
						Facsimile:	(213) 443-3100
						kathleensullivan@quinnemanuel.com
						shonmorgan@quinnemanuel.com
						crystalnixhines@quinnemanuel.com
						marinalev@quinnemanuel.com
						scottmills@quinnemanuel.com

						*Attorneys for Defendant,*
						*Board of Trustees of University of Rhode Island*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Answer was served on all counsel of record on April 1, 2021, using the Court's CM/ECF system, which will send a notification of such filing.

*/s/ Kathleen M. Sullivan*
Kathleen M. Sullivan